NATHANIEL G. WILCOX, appellant, *v.* JAMES WOODS *et al.*, appellees.

*Appeal from Schuyler.*

It is a sufficient averment, in a declaration upon a promissory note, that the note was payable to the plaintiffs, to allege that it was payable to the order of their firm, they being alleged to be co-partners, and that the defendant, in consideration thereof, promised to pay the plaintiffs the amount of the note.

After judgment upon demurrer, the Court will presume that there was a joinder in demurrer, or that the same was waived, especially where no objection appears of record.

It is not error for the Court to render judgment against a defendant, upon overruling a demurrer to the declaration, where he declines to answer further.

Where judgment is rendered by default, the Court may assess the damages, upon a note, without the intervention of the clerk or a jury.

THIS cause was heard in the Court below, at the August term, 1840, before the Hon. Peter Lott. Judgment was rendered for the plaintiffs for $281.19 damages, and costs of suit.

S. T. LOGAN, for the appellant.

(1) *Ante* 41.

W. A. MINSHALL and C. WALKER, for the appellees.

TREAT, Justice, delivered the opinion of the Court:

The declaration in this cause states, that "James Woods, William T. Christy, and James C. Christy, partners in trade, under the name of Woods, Christy & Co., complain of Nathaniel G. Wilcox, in a plea of trespass on the case on promises, for that whereas the said defendant, on the twenty-seventh day of June, in the year of our Lord one thousand eight hundred and thirty-eight, at St. Louis, to wit, at the County of Schuyler, and State aforesaid, made his certain promissory note in writing, and subscribed it by the signature of N. G. Wilcox, and delivered the same to the said plaintiffs, and thereby promised to pay to the order of Woods, Christy & Co., without defalcation, or discount, two hundred and fifty dollars and sixty-three hundredths, for value received, six months after the date thereof, which period has now elapsed, and the said defendant, then and there, in consideration of the premises, promised to pay the amount of said note to the said plaintiffs, by the said name of their firm, Woods, Christy & Co.," &c.

To this declaration Wilcox filed a general demurrer. The record shows no joinder in demurrer.

The following entry appears on the record : "This day came the parties, by their attorneys, and the defendant's attorney files his demurrer to plaintiffs' declaration, which is overruled by the Court, and the defendant declining to answer further, on motion of the plaintiffs' attorney, judgment by default is rendered in favor of the plaintiffs, and against the defendant, for the sum of two hundred and eighty-one dollars and nineteen cents damages. It is therefore considered," &c.

The appellant assigns for error,

*First.* The Court erred in overruling the demurrer ;

*Second.* In overruling the demurrer when the same had not been joined ;

*Third.* In rendering judgment when demurrer was unanswered ;

*Fourth.* In rendering judgment by default, for the sum of $281.19, without having the damages assessed.

We can see no objection to the declaration on general demurrer. The note is described as payable to Woods, Christy & Co., and the plaintiffs are described, in the commencement of their declaration, as partners in trade under that name. After describing the note, the declaration avers that the defendant, in consideration, &c., promised to pay the amount of said note to the plaintiffs, by the name of their firm. We think the declaration shows a right of action in the plaintiffs, and that the demurrer was correctly overruled. But it is said, it was error to overrule the demurrer, when the plaintiffs had not joined in demurrer. After judgment, the Court will presume that there was a joinder in de-

murrer, or that it was waived by the defendant, especially, as in this case, where no objection appears of record. The Court was right in rendering judgment upon the overruling of the demurrer, and the defendant declining further to defend, (1) although the record shows a want of joinder in demurrer.

Did the Court err in rendering judgment, without having the damages assessed by the clerk or jury?

The thirteenth section of the act concerning practice, (2) provides that the Court may direct the clerk to assess the damages, in any action brought on any instrument of writing for the payment of money only, when judgment shall be given against the defendant by default. We apprehend this statute was not intended as imperative upon the Court to require the clerk to make the assessment, but that it is perfectly competent for the Court to do it. (3)

It is alleged that the Court erred in rendering judgment for a larger amount than the note, as set out in the declaration, shows the plaintiffs entitled to recover. This cannot be assigned for error. The proper remedy of the party was by motion in the Court below, where the error could have been corrected. (4)

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

(1) Clemson *et al. v.* The State Bank, 1 Scam. 45; Godfrey *et al. v.* Buckmaster, 1 Scam. 447.          (2) R. L. 490; Gale's Stat. 532.
(3) Dunbar *v.* Bonesteel, *Ante* 32; Greenup *et al. v.* Woodworth, Breese 179; Rust *v.* Frothingham *et al.,* Breese 258.
(4) Sims *v.* Hugsby, Breese's appendix 27.